UNITED STATES DISTRICT COURT
MIDDLE DISTRIC T OF PENNSYLVANIA

| | | |
|---|---|---|
| **TINA RUDISILL** | ) | Case Number |
| Plaintiff | ) | |
| vs. | ) | CIVIL COMPLAINT |
| **NATIONWIDE CREDIT CORPORATION** | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Tina Rudisill, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.    Plaintiff, Tina Rudisill, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, , the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in the District.

## III.  PARTIES

4. Plaintiff, Tina Rudisill, is an adult natural person residing at 9884 Stonybrook Drive, York, PA 17401. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Nationwide Credit Corporation ("Defendant"), at all times relevant hereto, is and was corporation engaged in the business of collecting debt within the states of Texas and Virginia with a principal place of business located at 5503 Cherokee Avenue, Suite 100, Alexandria, VA 22312.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. During the month of August, 2010, Plaintiff's in-laws informed her that they were receiving calls from an agent of the Defendant named "Jessica", in regards to a debt that the Plaintiff allegedly owed on a chase account.

8. During these calls the Plaintiff's mother-in-law, told Defendant's agent, "Jessica", that the Plaintiff did not reside there and that they needed to stop calling her home.

9. Plaintiff's in-laws continued to receive calls from the Defendant looking for the whereabouts of the Plaintiff.

10. Plaintiff has called Defendant's agent, "Jessica", and warned her not to call her in-laws home again on this matter.

11. Defendant continues to place collection calls to the Plaitniff and her in-laws house.

12. Plaintiff's father in-law is sick with cancer and the Plaintiff is worried about what the added stress of these calls could do to his health.

13. Defendant's agent, "Jessica", has informed the Plaintiff that she will continue to call until at least thirty percent (30%) of the Plaintiff's total balance of approximatly $17,000.00 is paid.

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

16. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I - FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes

and is a "debt" defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692c(a)(1) | At any unusual time, unusualplace or unusual time and place |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about the debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, Nationwide Credit Corporation for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

25. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

26. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

27. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

28. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

29. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

30. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

31. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

32. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.**

33. The foregoing paragraphs are incorporated herein by reference.

34. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

35. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

36. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

37. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

38. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: November 17, 2010         BY: */s/Brent F. Vullings*
                                    Brent F. Vullings, Esq.

                                Warren & Vullings, LLP
                                1603 Rhawn Street
                                Philadelphia, PA  19111
                                215-745-9800   Fax 215-745-7880
                                Attorney for Plaintiff